UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> [2] DONALD KEITH ELLISON, <br> (Counts One to Six, Eleven and Twelve) <br><br> Defendant. | CRIMINAL NO. 19-541-FAB-2 |

**MOTION OF FOR A BILL OF PARTICULARS**

**TO THE HONORABLE COURT**:

COMES NOW Defendant Donald Keith Ellison, by and through the undersigned attorneys, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, respectfully requests that the Court order the Government to provide the specified particulars and limitations outlined below, pursuant to the arguments discussed hereto.

**INTRODUCTION**

This Indictment raises unique issues which make a Bill of Particulars particularly appropriate. Defendant recognizes the general rules that govern the grant or denial of a motion for a Bill of Particulars and limits this Motion only to certain specific issues alleged in the Indictment without sufficient particularity to permit Defendant to prepare his defense.

I.      **STANDARDS GOVERNING THE GRANT OR DENIAL OF A MOTION FOR A BILL OF PARTICULARS**

The purpose of a Bill of Particulars is to provide the accused with detail of the charges against him where necessary to permit him to prepare his defense, to avoid surprise at trial and to protect against double jeopardy. *United States v. Leach*, 427 F. 2d 1107, 1110 (1st Cir. 1970) , *cert. denied*, 400 U.S. 829 (1970); *United States v. Rodriguez-Torres*, 560 F. Supp. 2d 108, 111 (D.P.R. 2008). The decision to grant or deny a motion for a bill of particulars is entrusted to the sound discretion of the District Court. *Will v. United States*, 389 U.S. 90, 98-99 (1967); *United States v. Tarvers*, 833 F.2d 1068, 1076 (1st Cir. 1987). A bill of particulars may not be used merely as a discovery device to acquire evidentiary details about the Government's case. *United States v. Chen*, 378 F. 3d 151, 162-63 (2nd Cir. 2004); *United States v. Rodriguez-Toress*, 560 F. Supp. 2d at 111. A defendant is not entitled to an unnecessary bill of particulars where the underlying objectives of Rule 7 are fully satisfied by formal and informal discovery. *United States v. Dubon-Otero*, 76 F. Supp. 2d 161, 169 (D.P.R. 1999); *United States v. Livingston*, No. 1:15-cr-201, 2016 WL 743399, at *2 (E.D. Va. Feb. 23, 2016); *United States v. Ahmad*, No. 2:14-cr-164, 2014 WL 2766121, at *8 (E.D. Va. June 18, 2014).

The sheer volume of discovery, standing alone, is not sufficient to warrant a bill of particulars, particularly where the Government has provided searchable discovery, a subset of discovery containing the "hot documents" and a particularized index of discovery. However, the volume of discovery is a factor often cited by courts as a reason

to grant a motion for bill of particulars. *United States v. Livingston*, *supra* at *2. In the case of an indictment alleging public corruption, a bill of particulars is unnecessary where the indictment specifies the particular contracts or official acts that are the subject of the allegations and the Government concedes that those are the actions that will be proven at trial. In other words, the Government may not merely allege without specificity that "other actions" or other contracts" were obtained by corrupt means. Such an allegation is too broad and does not specify sufficient information for a defendant to prepare a defense. Conversely, the indictment need not allege the precise dates of a conspiracy, the precise amounts of the funds received by the defendant, or the detailed evidence to be relied upon at trial. *Id.*; *see also United States v. Rodriguez-Toress*, 560 F. Supp. 2d at 111 ("The Superseding Indictment in the instant case is not ambiguous or vague. The Indictment alleges specific dates of beginning and end of conspiracy, overt acts, Defendant's membership and how the conspiracy scheme operated.").

    **II.   UNDER THE WELL ESTABLISHED STANDARDS GOVERNING BILLS OF PARTICULARS, THE GOVERNMENT SHOULD BE ORDERED TO PROVIDE A BILL OF PARTICULARS UNLESS IT CONFIRMS THE SCOPE OF THE EXISTING INDICTMENT**

    A.   <u>For The Most Part, The Indictment And Discovery Provided By The Government Satisfies The Government's Obligation To Provide Notice To Defendant Of The Case Against Him</u>.

The Indictment in this case specifically alleges four specific official acts allegedly taken by Defendant Asha Tribble in exchange for something of value from Mr. Ellison. *See* Indictment at ¶ 47. Those four acts were (a) the sending of a letter; (b) pressure

3

exerted to allow Cobra to repair the Monacillos substation; (c) pressure exerted to allow Cobra to do repair work at Roosevelt Roads; and (d) pressure exerted on Puerto Rico Electric Power Authority ("PREPA") officials to redesign the electric power distribution system.  This fourth official act presumably relates to discussions concerning how to restore power to the island of Vieques, which is further referenced with specificity in other paragraphs of the Indictment.  *See* Indictment at ¶ 78.

The discovery provided by the Government is searchable and allows the defense to identify documents relating to these four items.[1]  The Government has provided over 550 gigabytes of documents, comprising approximately 437,300 documents after extracting mailbox files and removing duplicate emails (not counting well over 42,000 pages of cell phone and iCloud extractions).  In addition, the Government has provided 93 witnesses interview memoranda covering a wide range of topics.  The index for the documents is rudimentary but workable so long as Defendants know what the subject matter of the Government's case is.

For example, by specifically alleging that Defendant Tribble sent a letter on December 23, 2017, Defendants are able to craft a defense to that allegation.  *See* Indictment at ¶ 47(a).  Here, the two defendants had not even met until sometime after November 22, 2017 and there is not a shred of evidence in any bank statement, credit

---

[1] Defendants are still determining whether there are other materials omitted from the discovery or which will be needed pursuant to Rule 17 and do not mean to imply that all discovery is complete.

4

card statement, interview memoranda or other document that would even remotely suggest that the sending of this letter had anything to do with the giving of anything of value. Similarly, Cobra was selected by PREPA as the exclusive provider of emergency repair work and its contract, together will all prices for work to be performed, was executed in October 2017, *more than a month before these two defendants had ever met or communicated*. The first thing of value alleged to have been given in the Indictment occurred on February 7, 2018, more than four months after Cobra was awarded the exclusive emergency repair contract by PREPA, and after the negotiation and approval of the first, second, third and fourth amendments to the Cobra contract, and after Cobra had been selected and performed hundreds of millions of dollars in emergency restoration work. *See* Indictment at ¶¶ 25, 53. In addition, there are valid and legitimate reasons supported by multiple witnesses for PREPA's actions awarding specific work to Cobra for Vieques and Roosevelt Roads, and extraordinarily compelling technical and engineering reasons having nothing to do with any alleged bribery or things of value, as to why Mr. Ellison and Ms. Tribble, along with many others, became advocates for a redesign of the distribution system, as evidenced by the recent earthquakes that impacted the yet unchanged system design.

All of these specific allegations can be defended because the individual stories as to when they occurred, why the occurred and whether they occurred because of anything improper can be investigated and told at trial. The combination of the specific

allegations in the Indictment and the discovery provided by the Government allows the preparation of a defense.

      B.      <u>Other Parts Of The Indictment Do Not State With Sufficient Particularity What Is Being Alleged So That Defendants Can Prepare A Defense</u>.

The Indictment attempts in several places to leave open the possibility of other, numerous, unnamed and unidentified actions as the predicate acts for a bribery offense. For example: ¶ 43 (". . . performed official acts . . . to advance COBRA'S interests . . . as needed."), ¶ 44 (". . . performed official acts as needed . . . including but not limited to . . . accelerate payments . . . assign tasks . . . use COBRA . . ."), ¶ 45 (". . . performed official acts as needed . . . influencing, providing advice to, and exerting pressure on FEMA employees concerning FEMA procedures . . ."), ¶ 46 (". . . provided [2] Donald Keith Ellison with information . . ."), ¶ 49 (". . . concealed and attempted to conceal . . . receipt and acceptance of things of value . . . by paying with credit cards . . ."); ¶ 98 (". . . using her official position . . . by influencing, advising, and pressuring PREPA executives . . . and FEMA employees so as to advance COBRA's interests . . . in connection with contracts . . ."), ¶ 102(a) (". . . accelerate payments . . . assign tasks to . . . and use Cobra . . ."), ¶ 102(b) (". . . exert pressure on employees of a PREPA consultant company . . ."), ¶ 102(c) (". . . exert pressure on FEMA employees concerning FEMA procedures . . .").

The cited paragraphs do not inform the Defendant of what he is accused of and they suffer from the modification that whatever is enumerated is not a complete list of

what is being alleged. They do not specify the "acts", what acts were "as needed," what payments are being referred to, what tasks were assigned allegedly in response to any bribes, what procedures were allegedly compromised, or what contracts were affected. By alleging that the official actions at issue include, but are not limited to, those described, the Indictment completely fails to provide notice of what will be at issue at trial. This failure cannot be remedied by discovery. There were tens of thousands of actions taken over a one year period in connection with the emergency restoration effort in Puerto Rico. It is inconceivable that all of them are alleged by the Government to have been taken in exchange for the small gratuities alleged in the Indictment. The Defendant cannot possibly anticipate which if any of these tens of thousands of actions the Government will rely on to prove its case unless they are alleged with specificity in the Indictment or identified in a bill of particulars. Without knowing which of these tens of thousands of acts will be the subject of a trial, the Government's voluminous discovery only compounds the problem and makes trial preparation impossible.

  More importantly, identification of a specific act, is essential to prepare a defense. As noted, for every specific action there is a different story, different witnesses and different exhibits that shed light on why they were committed. This is a bribery case, not a gratuities case. Therefore, the Government must prove that official acts were performed <u>in exchange for</u> payments of things of value. Defendants cannot address the core element of the case, subpoena witnesses, or prepare exhibits out of the many

hundreds of thousands of pages of documents provided by the Government without knowing in advance what specific official acts are at issue.

### C. The Deficiency In The Indictment Can Be Remedied If The Government Confirms That It Will Limit Its Case To The Four Specific Official Acts Alleged With Specificity.

Defendant is fully aware of the case law governing bills of particulars and has tailored this motion to focus only on the parts of the Indictment that make no effort to give notice of a specific allegation.  Defendant is not seeking disclosure of the evidence the Government will introduce at trial, and has not requested an interrogatory like explanation of the who, what, when or how for the transactions (Vieques, Roosevelt Roads, the December 23rd letter, the distribution system redesign) that are alleged with specificity.  However, Defendants due process rights and right to a fair trial would be irreparably compromised if the Government is permitted to present to the jury evidence on a host of other actions without identifying them in advance.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court **GRANT** the Defendant's Motion for a Bill of Particulars.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 10th day of January, 2020.

**NORTON ROSE FULBRIGHT US LLP**

<u>/s/ *Thomas W. Rinaldi*</u>
Thomas W. Rinaldi (*pro hac vice*)
thomas.rinaldi@nortonrosefulbright.com

William J. Leone (*pro hac vice*)
william.leone@nortonrosefulbright.com

Seth M. Kruglak (*pro hac vice* )
seth.kruglak@nortonrosefulbright.com

1301 Avenue of the Americas
New York, NY 10019
Tel: 212-318-3000
Fax: 212-318-3400

**MELENDEZ TORRES LAW**
Sonia I. Torres-Pabón (USDC-PR No. 209310)
storres@melendeztorreslaw.com
MCS Plaza, Suite 1200
255 Ponce de Leon Ave.
San Juan, P.R. 00917
Tel: 787-281-8100
Fax: 787-281-8310

## CERTIFICATION

**IT IS HEREBY CERTIFIED** that on this same date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Thomas W. Rinaldi*
Thomas W. Rinaldi
