## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | CRIMINAL NO: 19-541(FAB) |
| **[2] DONALD KEITH ELLISON,** | |
| Defendant. | |

### RESPONSE IN OPPOSITION TO MOTION FOR BILL OF PARTICULARS

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America by and through the undersigned attorney and before this Honorable Court very respectfully states and prays as follows:

On January 10, 2020, Defendant [2] Donald Keith Ellison ("Ellison") filed a Motion for a Bill of Particulars (Docket No. 80) requesting that the United States provide certain additional information regarding the charged conduct in the 48-page Indictment. As explained below, the Unites States respectfully opposes the motion for a bill of particulars and submits that this Honorable Court should deny Ellison's request as it is without a legal basis for relief.

The United States submits that the Indictment provides sufficient notice and information regarding the charges against Ellison in order for him to prepare his defense, extensive disclosures have been provided regarding the evidence to be used at trial to minimize any unfair surprise, and defendant's request is an impermissible investigative attempt to seek additional detail regarding how the United States intends to prove the elements of the offenses at trial.

### I.    STANDARD OF REVIEW

As this Honorable Court well-knows, and as Ellison recognizes, "motions for bills of particular are seldom employed in modern federal practice." *United States v. Rodriguez-Torres*,

560 F.Supp.2d 108, 111 (D.P.R. 2008) citing *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id*. citing *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992); *Sepulveda*, 15 F.3d at 1192-1193; see also *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps to also be protected against retrial on the same charges.").

When evaluating these factors, including whether the defendant is able to prepare a defense, the Court's determination "is left to the sound discretion of the district judge." *United States v. Hallock*, 941 F.2d 36 (1991) citing *Will v. United States,* 389 U.S. 90, 98-99, 88 S.Ct. 269, 275-76, (1967).

"A bill of particulars is **not** an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.'" *Rodriguez-Torres*, 560 F.Supp.2d at 111 quoting *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)(*emphasis added*). As such, inquiries into evidentiary or legal theories are not an appropriate basis for a bill of particulars. *Id*. citing *United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y. 1977); *United States v. Dubon-Otero*, 76 F.Supp.2d 161, 169 (D.P.R. 1999). The United States is not compelled to disclose how it will prove charges or the precise manner in which the defendant committed the crimes charged. See generally *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981), cert denied, 455 U.S. 1021 (1982) (the defendant has the right "to know the offense with which he is charged, not to know the details of how it will be proved.").   Further, "[t]o the extent that the indictment or information

itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary…" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) citing 8 Moore's Federal Practice P. 7.06(1) at 7-31 n. 1 (2d ed. 1978).

## II.   DISCUSSION

Though bill of particulars may be sought for the limited reasons set forth above, Ellison's motion specifically limits its request "to permit Defendant to prepare his defense." Docket No. 80, p. 1. Importantly, Ellison concedes that a "bill of particulars may not be used merely as a discovery device to acquire evidentiary details about the Government's case" and that a "defendant is not entitled to an unnecessary bill of particulars where the underlying objectives of Rule 7 are fully satisfied by formal and informal discovery." *Id*. at p. 2 citing *Chen*, 378 3d at 162-63; *Rodriguez-Torres*, 560 F.Supp.2d at 111; *Dubon-Otero*, 76 F.Supp. 2d, at 169.

Despite Ellison's acknowledgement of the standard of review, Ellison seeks to acquire evidentiary details about how the case will be proved at trial, and what evidence the Government will utilize to meet its burden at trial. This is precisely the type of request that this Honorable Court should deny.

The United States has set forth, as detailed in the 48-page indictment, the charged offenses, the time period involved, the contracts involved, the types of things of value provided, the types of official acts involved, and extensive details regarding Ellison's conspiracy and scheme to defraud. There is simply no requirement that every fact involved in a conspiracy or scheme to defraud be pleaded or included in the language of the indictment. The defendant is entitled to sufficient notice to develop an adequate defense, not all evidentiary details regarding how the Government will establish the charged conduct.

### A.   Charged Offenses

The Indictment sets forth a bribery conspiracy in Count One (in violation of 18 U.S.C. § 371), an honest services scheme to defraud in Counts Two through Five (in violation of 18 U.S.C. §§ 1343, 1346), and a disaster fraud scheme in Count Six (in violation of 18 U.S.C. § 1040).[1] Ellison's motion fails to differentiate between the various counts charged in the indictment and seemingly focuses on determining how the United States will "prove that official acts were performed in exchange for payments of things of value." Docket No. 80, p. 7. By attempting to frame the issue in that manner, Ellison treats Counts One through Six the same, and essentially as if they were substantive violations of 18 U.S.C. § 201, when they are not.

Counts One through Six set forth a conspiracy and schemes to defraud. The Indictment specifically alleges that "[i]t was the purpose of the conspiracy for [Ellison] to give, offer, promise, and agree to give, offer, and promise things of value to [Tribble], and for [Tribble] to demand, seek, receive, accept and agree to receive and accept items of value from [Ellison], to influence [Tribble's] performance of official acts as a FEMA employee, particularly as Deputy Regional Administrator, Sector Lead, and Recovery Manager, in connection to COBRA's contracts with PREPA related to electric power grid restoration after Hurricane Maria. In return, [Ellison] would promise, offer and give [Tribble] a stream of things of value, including airfare, ground transportation, helicopter flights, hotel rooms, meals, entertainment expenses for [Tribble] and another individual at the suggestion and behest of [Tribble], employment for an individual at the behest of [Tribble], and personal security services for [Tribble]. Docket No. 3, ¶ 39. Similar language is alleged in Count Six. *Id*. at ¶ 112-113.

Rather than allege the bare minimum, e.g. that something of value was exchanged for official acts, Counts One through Six allege specific things of value provided by Ellison as well as

---

[1] Counts Eleven and Twelve charge Ellison with making materially false statements to federal law enforcement agents in violation of 18 U.S.C. § 1001 and do not appear to be implicated in Ellison's motion for bill of particulars.

specific official acts taken by Tribble.[2] In part, the Indictment alleges that Tribble performed official acts to secure favorable treatment via payment of work billed and work assigned under the contracts, influenced and exerted pressure on PREPA executives and consultants to accelerate payments and assign work, influenced and exerted pressure on FEMA employees to approve reimbursements, and provided Ellison with non-public information. *See* Docket No. 3, ¶ 43-46, 98, 102.[3] This description is more than adequate for Ellison to prepare for trial. Not every act is required to be specified by date, time, or location, especially as it is part of a conspiracy and scheme to defraud.

"A conspiracy does not normally occur at only one particular time or place; it often takes shape and is carried out over a period of time, frequently in various locales. A conspiracy may include several overt acts, but, as the government is not required to prove any of the particular acts constituting the conspiracy, the absence of a statement of the precise dates and locations of the such acts does not necessarily render the indictment impermissibly vague." *Rodriguez-Torres*, 560 F.Supp.2d at 111 citing *Hallock*, 941 F.2d at 40-41.

Counts One through Six of the Indictment are not vague nor ambiguous. The illegal activity of Ellison and Tribble is described over the course of 39 pages with extensive specificity. Count One alleges the specific beginning and end of bribery conspiracy, the objects of the conspiracy, the manner and means of the conspiracy, and the overt acts committed in furtherance of the conspiracy. See Docket No. 3, ¶ 36-95. Counts Two through Five allege the time period of the honest services wire fraud scheme, the purpose of the scheme, manner and means of the scheme, the acts in furtherance of the scheme, and the executions of the scheme. *Id*. at ¶ 96-107. Count Six

---

[2] Focus is provided to the officials acts alleged inasmuch as it is the focus of Ellison's motion.
[3] The Indictment includes additional allegations of official acts; however, Ellison had admitted the sufficiency of those allegations. See Docket No. 3, ¶ 47.

alleges the time period of the disaster fraud scheme, details of the scheme, the manner and means of the scheme to defraud, and incorporates by reference acts committed in furtherance of the scheme. *Id*. at ¶ 108-116. See generally *Rodriguez-Torres*, 560 F.Supp.2d at 111 ("The Superseding Indictment in the instant case is not ambiguous or vague. The Indictment alleges specific dates of beginning and end of conspiracy, overt acts, Defendant's membership and how the conspiracy scheme operated.").

Given the specificity of the Indictment, a bill of particulars is unwarranted. *Hallock*; 941 F.2d at FN 2 ("there is no need to grant a bill of particulars when the indictment is sufficiently specific.").

B. Disclosures of Evidence

In addition to the language of the Indictment, the United States has provided extensive discovery, including material that exceeds the disclosure requirements under Rule 16(a)(1) of the Federal Rules of Criminal Procedure. [4] Discovery been provided to Ellison and the other defendants which contains contract documents, FEMA records, PREPA records, Cobra records, travel records, bank records, phone data, email data, computer data, and over 90 witness interview reports.[5] Those witness interview reports include information provided by employees of Cobra, FEMA, PREPA, and others in relation to the charged conduct. Rather than withhold those interview reports until a further deadline date, the United States disclosed them and has provided Ellison with more than sufficient time to review them in order to prepare his defense at trial.

To the extent that Ellison seeks to identify and call other witnesses or subpoena records for trial, the Indictment and discovery provide clear contours regarding the charged conduct, sufficient

---

[4] Discovery in this case has been produced without incident to date. No discovery motions have been filed and the parties have resolved all potential discovery disputes informally.
[5] Witness interview reports are generally not subject to mandatory disclosure inasmuch as they typically fail to meet the threshold for disclosure under Rule 16(a)(1).

enough so that Ellison can consider calling related Cobra, FEMA, or PREPA employees involved. Additionally, the thorough discovery and extensive witness interview reports provide Ellison with more information than mandated by Rule 16(a)(1), and more than enough information to determine a defense strategy.

### III.   CONCLUSION

The Indictment provides Ellison with sufficient notice and information regarding the charges against him so that he can prepare his defense. Further, extensive disclosures have been provided regarding the evidence to be used at trial to minimize any unfair surprise. Given these components, defendant's request is an impermissible and unwarranted investigative attempt to seek additional detail regarding how the United States intends to prove the elements of the offenses at trial.  For these reasons and as set forth above, the United States respectfully submits that Defendant [2] Donald Keith Ellison's Motion for a Bill of Particulars be denied.

**WHEREFORE**, the United States respectfully submits that Defendant [2] Donald Keith Ellison's Motion for a Bill of Particulars (Docket No. 30) be **DENIED**.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of January, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**W. STEPHEN MULDROW**
United States Attorney

*s/Seth A. Erbe*
**SETH A. ERBE**
Assistant United States Attorney
USDC-PR No. 220807

United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
seth.a.erbe@usdoj.gov
Tel. (787) 766-5656