IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

        **v.**

DONALD KEITH ELLISON [2],

    **Defendant**.

**Criminal No.** 19-541 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

    Before the Court is defendant Donald Keith Ellison ("Ellison")'s motion for a bill of particulars. (Docket No. 80.) For the reasons set forth below, Ellison's motion, id., is **DENIED**.

**I.  Background**

    Ellison was indicted in September 2019. (Docket No. 3.) According to the indictment, Ellison was president of Cobra Acquisitions, LLC (Cobra") between 2017 and 2019. Id. at p. 2. Cobra provides service and equipment for restoration of electrical grid infrastructure. See id at pp. 7-11.

    The same indictment charged two other persons with crimes. Id. at p. 2. One of those persons, Ahsha Nateef Tribble ("Tribble"), was an administrator in the Federal Emergency

Management Agency ("FEMA") with responsibility over electric grid infrastructure recovery. Id.

Ellison was charged in eight counts. Id. at pp. 11-39. He was charged with one count of a bribery conspiracy, five counts of honest services wire fraud, and one count of disaster fraud. Id. at pp. 11-39.[1] Tribble is a codefendant in those six charges. See id.

In general, the indictment alleges that Ellison provided things of value to Tribble, who used her influence to assist Cobra in obtaining favorable contracts, contractual terms, and contractual performance from the Puerto Rico Electric Power Authority ("PREPA"). See id. The things of value identified in the indictment include airfare, ground transportation, helicopter flights, hotel rooms, access to an apartment, meals, entertainment expenses, security services, and employment for another individual, Jovanda Patterson, also named as a defendant in the indictment. See id. at p. 12-14. Tribble's acts performed in exchange for the things of value are also identified in the indictment. See id. at pp. 14-16. The alleged acts include: pressuring PREPA executives so that they would accelerate payments to Cobra and choose Cobra over PREPA's employees and other

---

[1] The indictment also charges Ellison with two false statements counts, see Docket No. 3 at pp. 41-42, but these are not relevant to Ellison's request for a bill of particulars, see Docket No. 80.

contractors to do the infrastructure work, pressuring FEMA employees concerning reimbursement for Cobra's work, providing information to Cobra not readily accessible through other means, and causing a letter to be sent to the Puerto Rico government stating that the costs of Cobra's work was reasonable. Id. The indictment further recounts a list of overt acts in furtherance of the six charges against Ellison and Tribble, including dozens of communications between Ellison and Tribble and actions taken in accordance with those communications. See id. at pp. 16–31. To conceal their actions, the indictment states, Ellison and Tribble used private email accounts, personal cellular phones, and Ellison's personal and business credit cards. Id. at p. 16.

Discovery was provided between October 2019 and February 2020. See Docket Nos. 59, 87. It is voluminous. See id.

Ellison requested numerous extensions of the time limit to file a motion for a bill of particulars. See Docket Nos. 52, 73. These requests noted a desire to review the discovery before deciding whether and to what extent Ellison would move for a bill of particulars. Id. The Court granted the requests. See Docket Nos. 59, 75.

Ellison moved for a bill of particulars in January 2020. (Docket No. 80.) The government responded. (Docket No. 85.)

**II.  The Parties' Positions**

    **A.  Ellison**

Ellison moved for a bill of particulars pertaining to specific allegations in the indictment.  (Docket No. 80 at p. 1.)  According to Ellison, the "unique issues" raised by the indictment make a bill of particulars "particularly appropriate."  Id.

Ellison opens his motion with reference to four aspects of the indictment and discovery which do not require further specification.  Id. at p. 3.  He notes that the indictment "specifically alleges four specific official acts allegedly taken by [Tribble] in exchange for something of value from [Ellison]."  Id.  He also notes that, through discovery, the government has provided more than 430,000 documents, 42,000 pages of cellphone and iCloud extractions, and 93 witness interview memoranda, all of which are searchable.  Id. at p. 4.

Ellison then takes issue with other parts of the indictment.  Id. at p. 6.  He selectively quotes and edits the allegations in the indictment with which he takes issue, producing a clipped version of those allegations that is even grammatically incorrect and not useful in understanding the indictment's allegations.  See id.

Understanding what the indictment actually says requires resort to the indictment itself.[2] In general, the parts of the indictment with which Ellison takes issue state that Tribble performed official acts to benefit Cobra. (Docket No. 3 at p. 14-16, 32-34.) Sometimes an official action by Tribble is specifically identified, while in other places the type of action is described. See id.

According to Ellison, the disputed parts of the indictment do not state what is being alleged with sufficient particularity to allow Ellison to prepare a defense, and they "leave open the possibility of other, numerous, unnamed and unidentified actions as the predicate acts for a bribery offense." (Docket No. 80 at p. 6.) Ellison notes that "[t]here were tens of thousands of actions taken over a one year period in connection with the emergency restoration effort in Puerto Rico" and he "cannot possibly anticipate which if any of these tens of thousands of actions the [government] will rely on to prove its case unless they are alleged with specificity in the [indictment] or identified in a bill of particulars." Id. at p. 7. Without that specification, Ellison says, the "voluminous discovery only compounds the problem and makes trial preparation impossible."

---

[2] The language of the disputed parts of the indictment is lengthy and reproduced in Appendix A to this opinion.

Criminal No. 19-541 (FAB)                                                        6

Id. The core element of a bribery allegation, Ellison further suggests, is that official acts are performed in exchange for things of value. Id. He says that he cannot address that core element without knowing in advance what specific official acts are at issue. Id. at pp. 7-8.

Thus, Ellison appears to request a bill of particulars identifying the official acts allegedly taken in exchange for the things of value. See id. at pp. 6-8. Alternatively, Ellison proposes that the government could limit its case to the four official acts which he believes are identified with specificity. See id. at p. 8.

**B. Government**

The government responds that there is no need for a bill of particulars. (Docket No. 85 at p. 1.) According to the government, "the [indictment] provides sufficient notice and information regarding the charges against Ellison in order for him to prepare his defense, [and] extensive disclosures have been provided regarding the evidence to be used at trial to minimize any unfair surprise." Id. The government's position is that Ellison improperly "seeks to acquire evidentiary details about how the case will be proved at trial, and what evidence the [government] will utilize to meet its burden at trial." Id. at p. 3.

The government emphasizes the notice provided by the indictment. Its indictment, the government says, "set[s] forth . . . the charged offenses, the time period involved, the contracts involved, the types of things of value provided, the types of official acts involved, and extensive details regarding Ellison's conspiracy and scheme to defraud." Id. at p. 3. The government also notes that,

> [i]n part, the [indictment] alleges that Tribble performed official acts to secure favorable treatment via payment of work billed and work assigned under the contracts, influenced and exerted pressure on PREPA executives and consultants to accelerate payments and assign work, influenced and exerted pressure on FEMA employees to approve reimbursements, and provided Ellison with non-public information.

Id. at p. 5. "Not every act is required to be specified by date, time, or location," the government explains, "especially as it is part of a conspiracy and scheme to defraud." Id.

The government also highlights the extensive discovery provided to Ellison, at least some of which it says exceeds its minimum obligations. Id. at pp. 6-7. The discovery, according to the government, provides clear contours for Ellison to prepare his defense. Id.

**III. Applicable Law**

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes courts to direct a filing of a bill of particulars.

Criminal No. 19-541 (FAB)                                                        8

Fed. R. Crim. P. 7(f).  A defendant "uncertain as to the nature of the charges against him . . . [may] file a motion for a bill of particulars." United States v. Barbato, 471 F.2d 918, 921 (1st Cir. 1973).  "A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant."  1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal § 130, at 656 (4th ed. 2008) [hereinafter Wright & Leipold].  "The function[s] of a bill of particulars [are] to protect against jeopardy, provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and to avoid prejudicial surprise at trial." United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); see United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989).

The Federal Rules of Criminal Procedure were amended in 1966 to liberalize discovery and to encourage courts to approach bills of particulars with more liberality.  Leach, 427 F.2d at 1110; Nesson v. United States, 388 F.2d 603, 604 (1st Cir. 1968) (per curiam).  Nonetheless, "[m]otions for bills of particulars are seldom employed in modern federal practice." United States v. Sepúlveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  And trial courts still retain broad discretion when ruling upon requests for such

Criminal No. 19-541 (FAB)                                              9

bills.  Will v. United States, 389 U.S. 90, 98-99 (1967); United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992).

"When pursued, [a motion for a bill of particulars] need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Sepúlveda, 15 F.3d at 1192-93. "When deciding whether a requested . . . bill meets this standard, courts may consider the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendants." Wright & Leipold, § 130, at 658-59.  Professor LaFave recommends consideration of "the nature of the offense involved, the nature of the events that serve as the basis for the charge, and the breadth of the pleading," as well as "the complexity of the offense, the range of activities it encompasses, and the time span it covers."  5 Wayne R. LaFave et al., Criminal Procedure § 19.4(b), at 365 (4th ed. 2015) [hereinafter LaFave].

"[I]ndictments need not be infinitely specific." Sepúlveda, 15 F.3d at 1192.  "When an indictment is sufficiently specific there is no need to grant a bill of particulars." United States v. Vázquez-Rijos, 250 F.R.D. 99, 100 (D.P.R. 2008) (Besosa, J.).

Criminal No. 19-541 (FAB)                                              10

Courts refuse to grant motions for bills of particulars that are not necessary to prepare a defense, avoid surprise, or avoid double jeopardy.  For instance, courts "deny a request for a bill if the information sought would simply be helpful to the defense rather than strictly necessary to a fair trial." Wright & Leipold, § 130, at 662-63; cf. United States v. Roy, 375 F.3d 21, 25 (1st Cir. 2004) (explaining that a defendant must show prejudice to succeed in an appellate challenge to the denial of a motion for a bill of particulars).  And, "[m]ore broadly, no bill is required if the government has provided the desired information through pretrial discovery or in some other satisfactory manner." Wright & Leipold, § 130, at 663-64.

A bill of particulars is also not a discovery device.  It "is not an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.'" United States v. Rodríguez-Torres, 560 F. Supp. 2d 108, 111 (D.P.R. 2008) (García-Gregory, J.) (quoting United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978)).  "[A] bill of particulars may not call for evidentiary matter[,] . . . a detailed preview of the government's trial evidence," or disclosure of the government's legal theory or legal conclusions. Wright & Leipold, § 130, at 668-71.

For instance, in United States v. Tirado-Menéndez, 301 F. Supp. 3d 300, 302 (D.P.R. 2018) (Besosa, J.), the defendant faced charges associated with dispensing controlled substances without a medical reason. The defendant sought a bill of particulars after the government provided its discovery, "argu[ing] that the discovery [was] too broad and that the government fail[ed] to pinpoint specific relevant information, leaving [the defendant] twisting in the wind, blindly guessing which patients (out of thousands) he should prepare to defend at trial." Id. at 305 (internal quotation marks omitted). This Court rejected the argument because "[a] bill of particulars . . . is not a proper vehicle for [the defendant] to obtain detailed disclosure of the government's preparations for trial or witness lists." Id.

While some courts find it necessary for the government to disclose the time and place of an alleged offense and the names of persons present when the alleged crime took place, Wright & Leipold, § 130, at 673–75 (collecting cases), the First Circuit Court of Appeals has taken a nuanced view of the need for such disclosure. With respect to conspiracy allegations, specification of dates, locations, and victims of overt acts is not generally necessary. See United States v. Negrón-Gil de Rubio, Crim. No. 95-1131, 1996 WL 440668, at *1 (1st Cir. Aug. 6, 1996) (per

curiam); United States v. Hallock, 941 F.2d 36, 40-41 (1st Cir. 1991); Paiva, 892 F.2d at 155.  "[A] conspiracy does not normally occur at only one particular time or place; it often takes shape and is carried out over a period of time, frequently in various locales."  Hallock, 941 F.2d at 40.  "A conspiracy may include several overt acts, but, as the government is not required to prove any of the particular acts constituting the conspiracy, the absence of a statement of the precise dates and locations of such acts does not necessarily render the indictment impermissibly vague."  Id. at 40-41 (citation omitted).

Substantive offenses, however, may require specification of dates, locations, victims, or accomplices.  See Negrón-Gil de Rubio, 1996 WL 440668, at *1; United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir. 1970).  As the Hallock court explained, the Tomasetta court found insufficient an indictment charging extortion of an unnamed victim.  Hallock, 941 F.2d at 40 (citing Tomasetta, 429 F.2d at 979).  In Nesson, 388 F.2d at 604, a case alleging intent to defeat bankruptcy laws by transferring and concealing assets, "each count of the indictment gave the dollar amount, and the date, and Count 1 named the payor."  The Nesson court believed that, in denying the requested bill of particulars, "the court or government was unnecessarily restrictive" and "it would have been better for the government to have disclosed

Criminal No. 19-541 (FAB)                                          13

certain record information which might have aided the defendant in his defense." Id.

On the other hand, in Paiva, the indictment alleged, *inter alia*, aiding and abetting drug distribution.  892 F.2d at 153. The Paiva court held that the defendant was sufficiently notified that the allegation involved more than one transaction because this fact was evident in the discovery provided to the defendant, and because the government alleged that he "aided and abetted the distribution of 'quantities of cocaine.'" Id. at 155 (emphasis added).  The Paiva court also held that "the government's temporal specifications in the Indictment, such as 'early 1983' and 'the fall of 1983,' were sufficiently narrow to allow [the defendant] to prepare his defense without surprise." Id.

The above standards provide a starting point for evaluating requests for bills of particulars, but every decision on such requests is particularly case-specific.  As the First Circuit Court of Appeals said in a case addressing the sufficiency of an indictment, "what is a fair description of a crime for purposes of permitting an adequate defense necessarily varies with the nature of the offense and the peculiarities of defending against the kind of charge involved." Tomasetta, 429 F.2d at 979; see also United States v. Stryker Biotech, LLC, Crim. No. 09-10330, 2010 WL 2900684, at *4 (D. Mass. July 21, 2010) ("Whether—and to

Criminal No. 19-541 (FAB)                                      14

what extent—a bill of particulars should be granted is determined on the basis of the facts and circumstances presented in each case . . . ."); cf. LaFave, § 19.4(b), at 362 (noting that appellate guidance on when a bill of particulars should be issued "tend[s] to be overgeneralized and provide[s] limited assistance in individual cases").

One final issue deserves mention. A request for a bill of particulars must state in what respects an indictment needs specification. See United States v. Gordon, 634 F.2d 639, 641 (1st Cir. 1980). "The motion ordinarily lists a series of questions concerning the events cited in the charge that the defense would have the prosecution answer." LaFave, § 19.4(a), at 358. A motion for a bill of particulars "should make clear what information defendant is seeking, and should be worded definitely enough that if granted the government is aware of its obligations and the court can enforce its order." Wright & Leipold, § 131, at 681–83.

**III. Discussion**

The Court first considers whether Ellison's motion for a bill of particulars is sufficiently definite. The motion states what Ellison views as deficiencies in the notice provided by the indictment—provisions that leave open the possibility of unidentified actions as the predicate acts for a bribery offense.

Criminal No. 19-541 (FAB)                                           15

(Docket No. 80 at pp. 6-8.)  Presumably, then, Ellison is asking for a bill of particulars that would identify those actions, even though Ellison does not actually ask for a bill of particulars with such identifications.  See id.  So understood, Ellison's motion is not insufficiently definite.  Gordon, 634 F.2d at 641; Wright & Leipold, § 131, at 680-82.

Ellison's motion also does not distinguish between the charges of bribery conspiracy, honest services wire fraud, and disaster fraud.  See Docket No. 80 at pp. 6-8.  Instead, Ellison simply states that this is a bribery case.  Id.  The Court will assume, however, that Ellison's motion applies to each of those charges.

Ellison's request for a bill of particulars pertaining to the conspiracy charge fails.  Ellison wants the government to specify the dates and other details of overt acts associated with the conspiracy, but no such specification is necessary.  See Negrón-Gil de Rubio, 1996 WL 440668, at *1; Hallock, 941 F.2d at 40-41; Paiva, 892 F.2d at 155.

Ellison's request for a bill of particulars pertaining to the honest services wire fraud counts fares no better. Substantive offenses may require specification of dates, locations, victims, or accomplices.  See Negrón-Gil De Rubio, 1996 WL 440668, at *1; Tomasetta, 429 F.2d at 979.  The indictment

provides such detail.  For each count of honest services wire fraud, the indictment states the date, means of communication, and substance of communication between Tribble, Ellison, and others.  (Docket No. 3 at pp. 35-36.)  The indictment also discusses the purposes of the honest services wire fraud scheme, the means by which Tribble and Ellison carried out the scheme, and acts in furtherance of the scheme.  Id. at pp. 31-36.  And of course, the discovery provided to Ellison supplements the discussion in the indictment.  This notice is more than adequate for Ellison to prepare his defense and avoid prejudicial surprise at trial.  Sepúlveda, 15 F.3d at 1192-93.  Further specification might be helpful to Ellison but is unnecessary to a fair trial and smacks of a desire to obtain a detailed view of the government's trial evidence.  Rodríguez-Torres, 560 F. Supp. 2d at 111; Wright & Leipold, § 130, at 662-71.

The only question remaining is whether a bill of particulars is warranted for the disaster fraud count.  This count does not contain the dates and other information like that provided in the counts for honest services wire fraud.  See Docket No. 3 at pp. 36-39.  Rather, in stating the acts in furtherance of the disaster fraud, the indictment references the allegations made in the conspiracy count.  Id. at p. 39.

A bill of particulars is not necessary for the disaster fraud count.  Like a conspiracy count, the disaster fraud allegation involves various locations and events.  See Hallock, 941 F.2d at 40-41.  Most importantly, the indictment's allegations are sufficiently clear in describing the nature of the alleged activities, see Appendix A, and allow Ellison to make use of the voluminous and searchable discovery provided by the government.  Wright & Leipold, § 130, at 658-59; LaFave, § 19.4(b), at 365.  Ellison's rationale for a bill of particulars is substantially the same as the insufficient rationale offered in Tirado-Menéndez, 301 F. Supp. 3d at 305.  Again, even though Ellison might find it useful for the government to further spell out its theory of the case or point to a narrower set of discreet acts taken by Tribble, Ellison does not need that to prepare his defense or avoid prejudicial surprise.  Rodríguez-Torres, 560 F. Supp. 2d at 111; Wright & Leipold, § 130, at 662-71.

**IV. CONCLUSION**

For the foregoing reasons, Ellison's motion for a bill of particulars (Docket No. 80), is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 27, 2020.

                                            s/ Francisco A. Besosa
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE