IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>**[1] AHSHA NATEEF TRIBBLE**<br>**[2] DONALD KEITH ELLISON,**<br><br>Defendant. | CRIMINAL NO: 19-541(FAB) |

## SUR-REPLY IN OPPOSITION TO MOTION TO TRANSFER VENUE

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America by and through the undersigned attorney and before this Honorable Court very respectfully states and prays as follows:

Defendant Ahsha Nateef Tribble ("Tribble") and Defendant Donald Keith Ellison ("Ellison") did not cause Hurricane Maria. Tribble and Ellison are not being prosecuted for causing a natural disaster. Tribble and Ellison are not being prosecuted for destroying homes, closing businesses, or killing individuals. In the motion to transfer venue and reply, the defendants present a spurious argument trying to equate the impact from a natural disaster to the charged conduct. Defendants erroneously describe the Puerto Rico jury pool as akin to "Enron stockholders in the Enron case or Boston Marathon runners in the Boston Marathon bombing case." Docket No. 105, p. 1.

This comparison is flawed. In both the Enron and Boston Marathon bombing case, the defendants were charged with causing the collapse of Enron and causing the bombing respectively. That scenario is simply not true in the present case. As noted in the government's opposition and above, Tribble and Ellison are not charged with causing Hurricane Maria.

If factual comparisons were to be properly drawn to the Boston Marathon bombing, the

present case would be like a government contract fraudulently obtained to clean up the aftermath of the bombing. Even though the Enron case and the Boston Marathon bombing involved defendants directly responsible for harm at issue, those cases did not require the transfer of venue. *United States v. Skilling*, 561 U.S. 358 (2010); *United States v. Tsarnaev*, 157 F. Supp. 3d 57 (D. Mass. 2016) compare also with *United States v. McVeigh*, 153 F.3d at 1182 (10th Cir. 1998) (defendant charged with causing Oklahoma City bombing).

Here there is absolutely no reason to conclude that a jury in Puerto Rico would be so prejudiced by an event not caused by the defendants that they would be unable to impartially render a verdict. Defendants cannot point to a single natural disaster, be it a flood, earthquake, tornado, tsunami, or hurricane, where all subsequent fraud and bribery cases were required to be transferred. The defendants' proposed rubric does not reflect the state of the law. See *Skilling*, 561 U.S. 358, 378 (2010) (transfer of venue required only if "extraordinary local prejudice will prevent a fair trial.").

In fact, the defendants' prejudice argument is directly contradicted by their own argument that the case involves minimal connections to Puerto Rico. Defendants argue that "there is no allegation in the indictment that a single Puerto Rican citizen was harmed by the Defendants' alleged conduct (which is disputed). There is also no allegation that a single dollar of Puerto Rico funds was misappropriated." Docket No. 105, p. 9.

Given the fact that the defendants did not cause Hurricane Maria and the indictment does not charge the defendants with causing the destruction of Hurricane Maria, the defendants are left with anecdotal press coverage and a December 2019 poll wherein a substantial number of respondents (38.6%) in Puerto Rico were completely unfamiliar with the case and the majority

(55.38%) had not formed an opinion as to the defendant's guilt.[1] Docket No. 94, p. 41, ¶ 33.

None of the proffered press coverage substantiates defendants' arguments that extraordinary local prejudice has been caused, nor have the defendants provided the court with any basis to conclude that the press coverage has been pervasive. Even if that had been established, it would not inevitably create an unfair trial or require venue to be transferred. *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554 (1976) (holding that "pretrial publicity -- even pervasive, adverse publicity -- does not inevitably lead to an unfair trial.").

Unlike *Casellas-Toro*, there is no highly publicized ongoing local murder case likely to cause prejudice prior to the January 2021 trial. *United States v. Casellas-Toro*, 807 F.3d 380 (1st Cir. 2015). There is no basis for the court to conclude that standard press accounts of the criminal proceedings will unfairly impact the trial, scheduled for eight (8) months from now. While the defendants' poll is no substitute for a full voir dire process, it reflects that the court was likely capable of empaneling an impartial jury in Puerto Rico in December 2019. That process should be even easier in 2021 given the passage of time.

Lastly, none of the Rule 21(b) factors favor transfer of this case, let alone transfer to the Southern District of Texas. In fact, defendants have failed to make any argument in favor of trial in Texas except for the existence of two international airports instead of one. Docket No. 105, p. 9-10. In doing so, defendants act as if travel to the Luis Muñoz Marin International Airport in San Juan is somehow cumbersome or so remote as to be inconvenient. Southwest, JetBlue, American Airlines, Delta, and other carriers provide daily direct flights to and from San Juan from Washington DC, New York, Atlanta, and Florida. There is no reason to find that air travel favors

---

[1] Defendants' focus solely on respondents familiar with the case fails to recognize the significance of 38.6% of total respondents in Puerto Rico having absolutely no familiarity with the case. That figure has a 6% margin of error, increasing it up to as much as 42.6%, and is likely to have increased since December 2019 given the passage of time. Docket No. 94, p. 33, ¶ 21.

the transfer of venue in this case, especially when there is no other identified reason to request transfer to the Southern District of Texas, one of the busiest districts in the country. While moving trials to far-away districts will almost always limit the number of potential jurors with knowledge of the underlying events, that is simply not the goal of Rule 21. In fact, "[t]o this day, the interest of a community in trying those who violate its laws remains a central tenet of our judicial system." *United States v. Dubon-Otero*, 76 F. Supp. 2d 161, 164 (D.P.R. 1999) (internal quotation marks and citations omitted).

Despite the defendants' efforts to conflate the impact of Hurricane Maria and the charged conduct or compare flight itineraries, there remains no legal or factual basis to conclude that this Court is incapable of empaneling a fair and impartial jury. As such, the United States submits that this Honorable Court should deny the defendants' request for transfer of venue.

**WHEREFORE**, the United States respectfully submits that Defendant [2] Donald Keith Ellison's Motion to Transfer Venue (Docket No. 94) be **DENIED**.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of April, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

W. STEPHEN MULDROW
United States Attorney

*s/Seth A. Erbe*
**SETH A. ERBE**
Assistant United States Attorney
USDC-PR No. 220807

United States Attorney's Office
Torre Chardón, Suite 1201

        350 Carlos Chardón Ave.
        San Juan, PR 00918
        seth.a.erbe@usdoj.gov
        Tel. (787) 766-5656